UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Petitioner,

v.                                        **DECISION AND ORDER**
                                                    07-MC-76S

UNITED PARCEL SERVICE, INC.,

                        Respondent.

## I. INTRODUCTION

This case involves a dispute between the Equal Employment Opportunity Commission ("EEOC") and United Parcel Service, Inc. ("UPS") over the enforcement of an administrative subpoena.[1] The issue presently before the Court is whether the EEOC subpoena is relevant to the charges under investigation. For the following reasons, the EEOC's Application to enforce the subpoena is denied.

## II. BACKGROUND

This case involves two separate charges of religious discrimination against UPS. In the first charge, Mr. Bilal Abdullah claimed that when he applied for a job with UPS in Henrietta, NY as a seasonal helper and sorter, he was told by the interviewer that he would be required to shave his beard. (Abdullah Charge, Docket No. 2-4, p. 2). At an orientation

---

[1] In support of its Application to Enforce the Subpoena (Docket No. 1) the EEOC submitted a Memorandum of Law, the Declaration of Elizabeth Cadle with supporting exhibits, and the Decision in EEOC v. Kidder Peabody, Peabody & Co., 1992 WL 73344 (S.D.N.Y. 1992). In response, UPS submitted a Memorandum of Law in Opposition, the Certification of Wendy Johnson Lario with supporting exhibits, the Declaration of Craig Owen, and the Declaration of Tom Roberson. In reply, the EEOC submitted a Reply Memorandum of Law, and the Declaration of Markus Penzel with supporting exhibits.

session, Mr. Abdullah explained that he could not shave his beard because of his Muslim religious beliefs. (Abdullah Charge, Docket No. 2-4, p. 2). Mr. Adbullah alleges that he was then logged out of the UPS computer system, and was not hired by UPS because of his religious beliefs. (Abdullah Charge, Docket No. 2-4, p. 2).

Mr. Muhammad Farhan, a UPS employee in Dallas, Texas, filed a separate charge of discrimination stating that he was demoted from a full-time position to a part-time position because he wore a beard. (Farhan Charge, Docket No. 2-5, p. 2). Mr. Farhan requested an accommodation and notified UPS that wearing a beard was a Muslim religious practice. (Farhan Charge, Docket No. 2-5, p. 2). Mr. Abdullah alleges that UPS refused to accommodate his religious beliefs and discriminated against him because of his religion. (Farhan Charge, Docket No. 2-5, p. 2).

As part of the investigation into these allegations, the EEOC issued an administrative subpoena requesting that UPS produce the following information:

1. Identify all persons nationwide who applied for employment with Respondent UPS from January 1, 2004, and were coded as "Refusal to meet appearance standards after request and explanation."

2. Produce all documents relating to, and including, the applications of those persons identified above.

3. Produce all "Request for Religious Accommodation" forms submitted by any Respondent employee since January 1, 2004, seeking an accommodation regarding Respondent's appearance guidelines, and all documents relating to those forms, such as, but not limited to, any documents responding to, granting, or denying such requests.

4. Identify all persons nationwide who applied for employment with Respondent UPS from January 1, 2004, and were coded as applying for a position and were given an "inside position" due to the UPS

2

Uniform and Personal Appearance Guidelines.[2]

5. Identify all employees nationwide from January 1, 2004, to the present, who at any time during their employment filed a grievance regarding discipline, termination, changed job position, or promotion due to the UPS Uniform and Personal Appearance Guidelines. For each individual, please note which job action (discipline, termination, changed job position, or promotion) occurred due to the UPS Uniform and Personal Appearance Guidelines.

(EEOC Mem., Docket No. 2, p. 2). UPS objects to these requests partly on the grounds that the information sought is not relevant to the individual charges. (UPS Mem., Docket No. 9, pp. 15-26). The EEOC initiated this action by filing an Application seeking to enforce the Subpoena. (Docket No. 1).

### III. DISCUSSION

Administrative subpoenas are subject to "limited judicial review." E.E.O.C. v. Maryland Cup Corp., 785 F.2d 471, 475 (4th Cir. 1986). Courts will generally enforce an administrative subpoena where (1) the subpoena seeks information that is relevant to an investigation; (2) the investigation is within the agency's authority; and (3) the statutory due process requirements have been satisfied. See E.E.O.C. v. Quad/Graphics, Inc., 63 F.3d 642, 645 (7th Cir. 1995); Maryland Cup Corp., 785 F.2d at 475-76. Once the agency has made the requisite showing, the court must enforce the subpoena, unless it finds that doing so would be "unduly burdensome." Maryland Cup Corp., 785 F.2d at 475-76.

Here, UPS contends that the subpoena seeks information that is not relevant to the charges under investigation. The EEOC argues that the information requested in the subpoena is both relevant and necessary.

---

[2] UPS has indicated that there is no such coding of employees to "inside positions," and the EEOC subsequently limited its request to enforce the Subpoena to items 1, 2, 3, and 5. Accordingly, this Court has not considered item 4 in its analysis.

**A.     Relevance**

The United States Supreme Court considered the issue of whether a subpoena was relevant to a particular charge in E.E.O.C. v. Shell Oil Co. (466 U.S. 54, 68-69, 104 S.Ct. 1621, 1631, 80 L.Ed.2d 41 (1984)).  The Court explained:

> [T]he [EEOC] is entitled to access only to evidence "relevant" to the charge under investigation.  That limitation on the Commission's investigative authority is not especially constraining. Since the enactment of Title VII, courts have generously construed the term "relevant" and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer.

Id. (emphasis added, internal citations omitted).

Here, UPS argues that the EEOC has exceeded the scope of the individual charges, and seeks information that is not relevant.  The EEOC responds that relevancy is not limited to the specific individuals involved in the charge.  Having reviewed the record and the parties' submissions, this Court finds that the subpoena is overly broad, and seeks information not relevant to the individual charges.

While an EEOC investigation may extend to individuals not named in the original charge, there must be a reasonable connection between the charges being investigated and the information sought in the subpoena.  Here, the EEOC has failed to demonstrate such a connection that would permit this Court to enforce the subpoena.  A nationwide search for information is not reasonable in light of the specific charges being investigated. Because the subpoena seeks information not relevant to the charges being investigated, the EEOC's Application to enforce the subpoena is denied.

## IV. CONCLUSION

For the foregoing reasons, the EEOC's Application to enforce the subpoena (Docket No. 1) is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that the EEOC's Application to Enforce the Subpoena (Docket No. 1) is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   September 2, 2008
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge